## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES GROSS**                                        **CIVIL ACTION**

**VERSUS**                                               **NO. 03-2577**

**PPM CONTRACTORS, INC. AND**                            **Sect. 'T'(5)**
**SHELL OFFSHORE, INC.**


### ORDER AND REASONS

Before this Court is a motion by Defendant, PPM Contractors ("PPM") to dismiss or, in the alternative, for Summary Judgement.  This matter was submitted for the Court's consideration on August 13, 2005.  The Court having studied the legal memoranda submitted by both parties, the evidence presented, the Court record, the law and applicable jurisprudence, is fully advised and ready to rule.


**I.      BACKGROUND**

The Plaintiff filed this instant action under the Jones Act on November 11, 2002, in Civil District Court for the Parish of Orleans, for damages arising out of a July 27, 2000, accident aboard an unidentified offshore platform.  Plaintiff was employed by Defendant, PPM , when he allegedly injured his neck while lifting a "heavy hose" from an unidentified vessel tied to the

platform.  Neither the platform nor the vessel were owned by PPM.

The plaintiff brought suit against Shell Offshore and PPM, but Shell removed the Plaintiff's state court suit  to the United States District Court for the Eastern District Of Louisiana on September 12, 2003.  After Shell provided enough evidence that it was not connected to the platform where the Plaintiff sustained his injury, the Plaintiff voluntarily dismissed Shell on December 22, 2003.[1]  Service was not perfected on PPM until May 11, 2004.

## II.      ARGUMENTS OF THE RESPECTIVE PARTIES

### A. Arguments of PPM  in Support of its Motion:

The Defendant argues that the claim prescribed.  The prescriptive period for a Jones Act injury is three years.   Mr. Gross injury occurred on July 27th, 2000 and he filed suit in Civil District Court("CDC") on November 11, 2002 against Shell Offshore and PPM.  However, PPM was not served until May 11, 2004, through its liquidator John Hutchinson, after being granted an extension to serve by this Court on April 28, 2004.

Prescription may be interrupted by filing suit in a court of competent jurisdiction or by service of process against named defendant within the prescriptive period in a court of incompetent jurisdiction. See  LA Civ. Code Art. 3462.  The Defendant argues that CDC is not a court of competent jurisdiction because venue is not proper there against PPM because PPM's principal place of business is in Church Point, LA(Acadia Parish) and it did not have an office or conduct services in Orleans Parish.  They also state that service in this improper jurisdiction was

---

[1] The Plaintiff's Motion to Dismiss (Doc. 15) was based on the following language: "[T]he information he now has leads him to believe that Shell was not the owner or operator of the offshore facility on which his injuries occurred."

not accomplished in the three year prescriptive period.  Service on Shell Offshore did not interrupt service on PPM because Shell Offshore and PPM were not solidary obligors. See La . Civ Pro. Art. 3503.

 Also, Shell offshore was not a "resident defendant" that would make Orleans Parish a proper venue for PPM under La. Civ. Pro. Art. 73.  Shell Offshore was not "compromised" prior to judgment or "dismissed" after trial; rather, it was voluntarily dismissed without prejudice after discovery.

Alternatively , PPM argues that a summary judgment is appropriate because Plaintiff cannot prove he is a seaman under the Jones Act.  It is argued that Plaintiff was not assigned permanently to any single vessel or group of vessels in navigation under common ownership or control.  Rather, Plaintiff was transported to numerous platforms owned by various companies to perform sandblasting and painting with the assistance of different supply vessels, not under common ownership or control.  Also, plaintiff did not contribute to the function or mission of a vessel.  He was nothing more than a member of a painting crew transported aboard various platforms.  The work was transitory at best and not substantial enough to give him seaman status.


**B.     Arguments of Plaintiff in opposition to Defendant's Motion:**

Claims have not prescribed against PPM.  At the time of filing, Shell Offshore was a proper party defendant, and venue was proper in Orleans Parish.  Therefore, under Article 73, venue was proper for PPM . Suit was timely filed against Shell Offshore and PPM in CDC, and venue was proper against Shell in Orleans Parish. Plaintiff believed at the time of filing, and still believes , that Shell Offshore was "compromised" as a result of a joint petition for voluntary dismissal. Therefore, venue was proper in Orleans Parish for a timely filed suit, interrupting

prescription against PPM.

Plaintiff avers that significant questions of fact remain as to his status as a seaman. Plaintiff ate and slept on the vessel.  All of the required equipment was on the vessel.  He spent significant amounts of time on board the vessel preparing equipment and tending to it (approximately four hours per day in total).  Also, the Plaintiff argues that even if PPM does not own or operate the vessels or platforms that this fact does not preclude it from being a Jones Act employer.

III.    LAW AND ANALYSIS:

A.       Jones Act Seaman Status

Seaman status may be found through the application of a three part test set forth by *Chandris v. Latsis,* 515 U.S. 347, 368-70(1995).  These three steps are as follows: an employee's duties must contribute to the function or mission of the vessel**,** a seaman must have a connection to a vessel or an identifiable fleet or vessel that is substantial in terms of both its duration and nature, and an employee must spend at least 30% of his time in the service of the vessel. Another important factor set out by the Supreme Court in *Harbor Tug and Barge Co. V. Papai,* 520 U.S. 548(1997) is that in order to qualify as a Jones Act seaman, the work performed by such an employee had to be on a vessel of common ownership.

It is uncontested that Mr. Gross worked for PPM on various platforms owned by various different companies to sandblast and paint.  It is also uncontested that 80% of his work was on the  platform  itself which would not entitle him to seaman status, considering that rigs and platforms are considered to be parts of the earth that they are integrated into. See *Thompson v. Crown,* 418 F2d 239 (C.A. Tex. 1969).  The Plaintiff contests that since he spent about 4 hours a

day repairing various machines on the boat and that the mission of the boat was to get him too and from the platforms, that  he indeed was connected to the specific mission of the ship and his 4 hours, plus sleeping and eating time, exceeds the 30% limit.  It is questionable whether spending time on a ship repairing machinery ,used for the platform, is considered a contribution to the mission of the vessel.  If the ship's mission was to transport him and other workers too and from the platforms, then there is a contradiction in terms of what the stated mission of this vessel was.  Mr. Gross needs to decide whether he contributed to the mission of the vessel because he was being transported to a rig or because he repaired certain things on the ship in relation to his work on the platform.  His logic is somewhat inconclusive and further investigation, into what the mission was, is needed.

In regards to ownership of the vessel in question, Mr. Gross admitted that he did not know who owned the vessel or the name of the vessel in question.  It is necessary for the work on the vessel to be in common ownership with the platform.  It is also been stated that Mr. Gross did not know who owned the platform that he worked on and the PPM claims that this platform was not owned by them.

At this time there are sufficient questions of fact as to whether or not Mr. Gross is a seaman under the Jones Act, but if it is found that prescription has run, regardless of his status, this argument of status would be essentially moot.

**B.     Prescription**

LSA-C.C. Art. 3462 provides that prescription is interrupted when it is brought in a court of competent jurisdiction and venue, or in the alternative, if action is commenced in an incompetent court, or improper venue, prescription is interrupted only as to defendant served by process within the prescriptive period.  At the time the suit was filed, Plaintiff believed that Shell

Offshore was a proper party to the suit and the Plaintiff's counsel earnestly believed that Shell was indeed a proper defendant in this case.  On December 22, 2003, Plaintiff voluntarily dismissed Shell after its attorneys provided overwhelming evidence that Shell was in no way connected to the facilities where the Plaintiff allegedly sustained his injuries.  It is this Court's opinion that Shell was an improper party, thus contradicting the idea that Shell and PPM could be joint or solidary tortfeasors.  Since the two entities were not jointly liable at the time the suit was filed, venue is improper as to the Defendant, PPM.  Venue was proper as to Shell, but not to PPM ,since its principal place of business was not in Orleans Parish.  Since venue is improper, prescription could then only be interrupted as to PPM, if they were served by process within the prescriptive period.. See *Conner v. Continental Southern Lines, Inc.*, 284 So.2d 137( 1973).

In the instant case, Plaintiff failed to serve PPM at the time of Shell's removal to United States District Court on September12, 2003, which is more than two months past the prescriptive period which ended on June 28, 2003.[2]  Furthermore, approximately 128 days had passed between the time the Plaintiff dismissed Shell and the time he filed a Motion to Extend the time for service against PPM.  Rule 4(m) of the Federal Rules of Civil Procedure states in part that if service of summons and complaint are not made upon the defendant within 120 days after the filing of the complaint, the court ,upon its motion...shall dismiss the action without prejudice as to that defendant.  Since the Defendant was not served until May 11, 2004 and the Plaintiffs' Motion to Extend was not timely filed, the court recognizes that the three year prescriptive period has run on this claim against PPM brought on behalf of the Plaintiff, Charles Gross.

---

[2]  This statement is made with the assumption that he has been allowed the three year prescriptive period afforded to Jones Act seaman; otherwise, the prescriptive period is set at one year from the date of an alleged injury.

Accordingly,

**IT IS ORDERED** that the Motion to for Summary Judgment filed on behalf of the

Defendant, PPM Contractors, Inc., be and the same is hereby **GRANTED**

New Orleans, Louisiana, this 2nd day of August, 2005.

_____

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**